IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JASON DAVID YOUNG,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:21CV00122 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **J. C. STREEVAL, ET AL.,** ) | Judge James P. Jones |
| ) | |
| Respondents. ) | |

*Jason David Young, Pro Se Petitioner.*

The petitioner, Jason David Young, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. I find that his petition must be summarily dismissed.

Court records and decisions available online indicate that Young is serving a sentence imposed in 2017 by the United States District Court for the District of Maryland. At the time he filed his § 2241 petition, Young was confined at the United States Penitentiary in Lee County, Virginia, which is located within this judicial district. Liberally construed, Young's petition alleges that he has been wrongfully denied access to the Bureau of Prisons (BOP) email system in violation of BOP policy. As relief in this action, Young seeks a court order directing prison officials to remove the restriction against his use of the email system.

The court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition filed pursuant to § 2241 can be an appropriate method for a prisoner to challenge the validity and length of his confinement, but generally not the conditions of that confinement.[1] *Preiser v. Rodriguez*, 411 U.S. 475, 498–499 (1973). Indeed, habeas petitions are traditionally brought to challenge "the very fact or duration of [the prisoner's] physical imprisonment." *Id.* at 500; *Wilborn v. Mansukhani*, 795 F. App'x 157, 163–64 (4th Cir. 2019) (unpublished) (noting that there is a circuit split regarding whether conditions of confinement claims are cognizable in a habeas proceeding and declining to depart from prior unpublished holdings that conditions of confinement claims are not cognizable under § 2241).

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought [in a civil rights action] under § 1983.[2]

---

[1] "As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241," and challenge the legality of the conviction or sentence using a motion in the sentencing court "under 28 U.S.C. § 2255." *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Section 2255(e), also known as the "savings clause," provides that a § 2241 habeas petition may present these latter types of claims only if a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

[2] Section 1983 authorizes civil actions against state actors for violations of constitutional rights. In *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citations omitted).

Young contends in his § 2241 petition that BOP officials have refused him access to email and violated BOP policy. These claims do not contest the fact or the length of Young's physical confinement. Rather, his complaints focus on the living conditions he is experiencing while in confinement. Therefore, his claims are inappropriate for consideration under § 2241. For the reasons stated, Young's petition fails to state any ground for habeas relief under § 2241. *See, e.g., Lunn v. Adams*, No. 3:20-CV-152, 2020 WL 5949642, at *3 (N.D.W. Va. Sept. 8, 2020), *report and recommendation adopted*, No. 3:20-CV-152, 2020 WL 5949624 (N.D.W. Va. Oct. 7, 2020) (denial of BOP email access not actionable under § 2241). Therefore, I will summarily dismiss Young's petition without prejudice.

A separate Final Order will be entered herewith.

---

*Narcotics*, 403 U.S. 388, 392 (1971), the Supreme Court created a counterpart to § 1983 permitting individuals to bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.

Courts must read a pro se litigant's allegations in a liberal fashion and hold their pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). I decline to construe Young's petition liberally as raising *Bivens* claims, however, because he fails to name any federal official as a defendant or to provide a factual chronology of his allegations. Moreover, should Young wish to pursue his claim concerning email access in a new and separate *Bivens* action, he would be required first to exhaust all available administrative remedies, 42 U.S.C. § 1997e(a), and to pay, or agree to pay, the $350 filing fee for such an action, 28 U.S.C. § 1915(b).

DATED: October 8, 2021

/s/ JAMES P. JONES
Senior United States District Judge